## W. T. Avery *v.* The State.

1. Costs in Criminal Cases. *Filing warrant.* A defendant was bound over to appear at court by a magistrate to answer for a felony. The case was dismissed, and judgment against the State for its own costs. The clerk charged a fee of 25 cents for filing the magistrate's papers. This was properly disallowed by the court.

2. Same. *Docketing warrant.* The clerk also charged a fee of 10 cents for docketing the magistrate's warrant. This was also disallowed by the judge.

   *Held,* that it was properly disallowed, because the law does not require the clerk to keep a docket for magistrate's warrants.

3. Same. *Defendant's costs.* The State and county are not chargeable with the costs of subpœnas issued for witnesses for defendants in criminal prosecutions who are acquitted; at least not unless the court adjudge them against the State or county.

   Case cited: Tucker *v.* The State, 2 Head, 555.

4. Same. *Clerk's fees.* The following entry was made: "In this case, on motion, and for satisfactory reasons appearing to the court, it is ordered that the above warrant be dismissed and the said defendant discharged, and that the State of Tennessee pay her own costs in this behalf accrued, and that the clerk of this court make out and certify the same to the Comptroller of the Treasury for payment."

   Upon this order, the clerk charged costs as follows: judgment for costs, 25 cents; for motion and order to dismiss, 25 cents; for order of discharge, 25 cents; for order to certify, 25 cents.

   The judge allowed the first two items, and disallowed the last two.
   *Held,* correct.

   Code cited: Secs. 2945, 4040, sub-sec. 2, 4077, 4551, 5061–2, 5561, 5581.

### . FROM SHELBY.

Appeal from the Criminal Court.     Jno. R. Flippin, Judge.

L. B. Horrigan for complainant.

Avery *v.* The State.

ATTORNEY-GENERAL HEISKELL for the State.

McFARLAND J., delivered the opinion of the court.

This case is brought to this court upon several questions as to costs claimed by the plaintiff in error, who is clerk of the Criminal Court of Shelby county.

A defendant was bound over to appear at court by a magistrate, to answer for a felony. The case was dismissed, and judgment against the State for its own costs. The clerk charged a fee of 25 cents for filing the magistrate's papers. This was stricken out by the judge.

It is no doubt the duty of the clerk to receive and file the papers, and it is certainly better that he should endorse upon them the date when they were filed, although we see no express requirement of this sort in the statute. However, the clerk can only charge against the State such fees as are allowed by law. By sec. 5561 it is enacted, that "officers are entitled to no other fees in criminal cases except such as are expressly provided by law, and in no case are they entitled to payment from the State or county unless expressly allowed." We are referred to subsec. 7, sec. 4551, allowing fees to clerks, as the authority for the charge. This is as follows: "For receiving, filing and entering on docket any bill, petition, plea, demurrer or other pleading, each twenty-five cents." We are of opinion that this does not authorize the fee charged in this case, and there was no error in striking it out.

The clerk also charged a fee of ten cents for

docketing the warrant. The authority for this is claimed to be sub-sec. 15, sec. 4551: "For entering such cause upon the trial docket, ten cents."

A criminal case certainly does not belong to the trial docket until there is an indictment or presentment. It is no doubt more convenient to have a docket of causes, where the defendants have been bound over by magistrates, but we find no provision requiring it. In prescribing the general duties of clerks, sec. 4040, sub-sec. 2, of Code enacts that they shall keep the several dockets required by law in the respective courts. Sec. 2945 requires that "the clerk of each court shall enter causes upon his trial docket in the order in which they become ready for trial," etc. Sec. 4077, sub-sec. 7, requires the clerks of the Circuit or Criminal Courts to furnish the district attorney, on the first day of the term, the names of the prosecutors and defendants under recognizance to appear at said term. See, also, secs. 5061-2 of Code. From these sections it does not appear that the clerk is required to keep such docket, or is allowed any fee for doing so.

The next question is, whether the State or county is chargeable with the costs of subpœnas issued for defendant's witnesses in these cases, where the State or county is adjudged to pay the State's costs.

It was held in *Tucker and Oakes* v. *The State*, 2 Head, 555, that it was an established principle of the common law that costs cannot be recovered by a defendant from the government, and that this was not changed by any provision of the Code, and that the

State was not chargeable with the costs of a witness for the defendant who was acquitted.

Sec. 5585 enacts that the State or county shall pay the costs *accrued in behalf of the State in certain cases.*

We are of opinion that the costs of subpœnas for the defendant's witnesses are the defendant's costs, and not costs accrued in behalf of the State, and were therefore properly stricken out.

The fact that the defendant is given the compulsory process of subpœna to bring his witnesses, does not charge the State with the costs of the process. There is an apparent hardship in requiring the clerk to perform services for which he may, in the event the defendant is insolvent, and in other events, receive no compensation, as there is in requiring a defendant who is found not guilty to defend himself at his own expense; but so the law is written; and there are perhaps other equally hard cases for which the law makes no provision.

It is true the act of 1859–60 (T. & S. statutes, sec. 5581 *a*) seems to give the court the power to adjudge the defendant's costs against the State or county in the case of acquittal. One of the cases in this record was a case of acquittal. The judgment was that the "defendant go hence, and that the clerk certify the *costs herein* to the Comptroller of the Treasury for payment." This might be construed to mean all the costs, the defendant's as well as the State's costs, as the usual order is that the clerk certify the costs *accrued in behalf of the State;* but we do not

think the court intended to give judgment against the State for the defendant's costs, but simply to order the costs to be certified for payment according to law, which would be only the State's costs. The claim for subpœnas issued for the defendant is, however, not in this case.

The next question is this—the fee bill. Code, sec. 4551, among other fees, allows for entering judgment for cost only, 25 cents; for each order or motion and order thereon, 25 cents. See sub-secs. 27 and 10. One of the cases was disposed of by the following entry: "In this case, on motion, and for satisfactory reasons appearing to the court, it is ordered that the above warrant be dismissed and the said defendant discharged, and that the State of Tennessee pay her own costs in this behalf accrued, and that the clerk of this court make out and certify the same to the Comptroller of the Treasury for payment." Under sub-sec. 27, the clerk charged for judgment for costs, 25 cents. Under sub-sec. 10, for motion and order to dismiss, 25 cents. And also, under sub-sec. 10, "order of discharge, 25 cents; order to certify, 25 cents." The last two items were stricken out; the first two were allowed.

We think the judge was correct. It is true the entry embraces a motion, an order to dismiss, and judgment for costs. For this he was allowed two fees. But it also contains an order to discharge the prisoner and order to certify the bill of costs. For this the clerk charges two other fees of 25 cents each, upon the idea that each is an order in the meaning

of sub-sec. 10.   There is no special fee allowed for an order to certify the costs, but the claim is based on sub-sec. 10 for each order.   The most that can be claimed, is that it is a motion and order and judgment for costs, giving two fees; but the clerk cannot charge for three motions or three orders, because three things are directed to be done in the order.   We think this was not intended.   Similar fees were claimed and refused in other cases, to-wit: where the cause abated, where it was placed on the retired docket, *nol. pros.*, and verdict of not guilty, etc.; all of which we think were properly disallowed.

The judgment will be affirmed.